UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

JOHNNIE LEE JORDAN, JR.,
    Plaintiff,

vs.                                    Case No.: 3:22cv5101/MCR/EMT

BRITTNEY SEXTON
and CARSON TAYLOR,
    Defendants.
_____/

## **REPORT AND RECOMMENDATION**

    This prisoner civil rights case is before the court on Plaintiff's "Motion to Request Immediate Emergency Assistance From the Court" (ECF No. 6). The case was referred to the magistrate judge for issuance of all preliminary orders and any recommendations to the district court regarding dispositive matters and motions for injunctive relief. *See* N.D. Fla. Loc. R. 72.2(C); *see also* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). For the reasons set forth below, the undersigned recommends that Plaintiff's request for preliminary injunctive relief be denied.

I.    BACKGROUND

    Plaintiff is an inmate of the Florida Department of Corrections (FDOC), housed at Okaloosa Correctional Institution (*see* ECF No. 6). Plaintiff's complaint names two correctional officers at Okaloosa C.I. as Defendants, Classification Officer Brittney Sexton and Correctional Officer Carson Taylor (*see* ECF No. 1 at

1–3).¹ Plaintiff asserts Defendants Sexton and Taylor violated his First Amendment rights by retaliating against him and interfering with his access to the courts (*id.* at 5-10). Plaintiff seeks monetary damages against Defendants in their individual capacities (*id.* at 2-3, 11).

Plaintiff's motion for preliminary injunctive relief seeks an order enjoining "FDOC security staff" from retaliating against him (*see* ECF No. 6 at 1). Plaintiff also seeks an order compelling "FDOC" to provide him "all paperwork that is allegedly stored in property" (*id.*).

II.   DISCUSSION

To establish entitlement to a preliminary injunction, a movant must demonstrate:

> (1) a substantial likelihood of success on the merits of the underlying claim;
>
> (2) a substantial likelihood of suffering irreparable injury if the injunction is not granted;
>
> (3) that the threatened injury to the plaintiff outweighs any injury the nonmovant might suffer from the injunction; and
>
> (4) the injunction would not disserve the public interest.

---

¹ The court refers to the page numbers automatically assigned by the court's electronic filing system.

Case No.: 3:22cv5101/MCR/EMT

*Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008); *In re Gateway Radiology Consultants, P.A.*, 983 F.3d 1239, 1254 (11th Cir. 2020). "A preliminary injunction is an extraordinary and drastic remedy not to be granted unless the movant clearly establishes the burden of persuasion as to the four requisites." *All Care Nursing Serv., Inc. v. Bethesda Mem'l Hosp., Inc.*, 887 F.2d 1535, 1537 (11th Cir. 1989); *Bloedorn v. Grubs*, 631 F.3d 1218, 1229 (11th Cir. 2011) (emphasizing that a temporary restraining order or "preliminary injunction in advance of trial is an extraordinary remedy").

The chief function of a preliminary injunction "is to preserve the status quo" between the parties "until the merits of the controversy can be fully and fairly adjudicated." *Northeastern Fla. Chapter of Ass'n of Gen. Contractors v. City of Jacksonville*, 896 F.2d 1283, 1284 (11th Cir. 1990); *All Care Nursing Serv.*, 887 F.2d at 1537; *United States v. State of Ala.*, 791 F.2d 1450, 1457 n.9 (11th Cir. 1986). This necessitates that the persons from whom the injunctive relief is sought be parties to the underlying action. *In re Infant Formula Antitrust Litig., MDL 878 v. Abbott Lab'ys*, 72 F.3d 842, 842-43 (11th Cir. 1995) (denying motion for TRO against non-party for lack of subject matter jurisdiction).

By separate order, the undersigned determined the allegations of Plaintiff's complaint fail to state a claim upon which relief can be granted, and required Plaintiff

to amend his complaint (*see* ECF No. 5). Plaintiff correspondingly fails to meet the first prerequisite for injunctive relief. Additionally, the parties to this action are two employees of the FDOC sued only in their individual capacities; yet Plaintiff seeks temporary injunctive relief against the FDOC and "FDOC security staff," which encompasses non-parties.

Plaintiff has not clearly established his burden of persuasion as to the four requirements for preliminary injunctive relief. The District Court, therefore, should deny his motion for injunctive relief.

Accordingly, it is respectfully **RECOMMENDED**:

Plaintiff's motion for preliminary injunctive relief (ECF No. 6) be **DENIED**.

At Pensacola, Florida this 17th day of May, 2022.

/s/ *Michael J. Frank*
Michael J. Frank
United States Magistrate Judge

### NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations must be filed within fourteen days of the date of the Report and Recommendation. Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control. An objecting party must serve a copy of the objections on all other parties. A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal**

**conclusions.   *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.**