UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

JOHNNIE LEE JORDAN, JR.,
    Plaintiff,

vs.                                                    Case No.: 3:22cv5101/MCR/ZCB

BRITTNEY SEXTON
and CARSON TAYLOR,
    Defendants.
_____/

## REPORT AND RECOMMENDATION

This prisoner civil rights case is before the Court on Plaintiff's second motion for a preliminary injunction. (Doc. 16). For the reasons below, the undersigned recommends that Plaintiff's motion be denied.[1]

### I. Background

Plaintiff is a Florida Department of Corrections (FDOC) prisoner who is currently incarcerated at Gulf Correctional Institution (GCI). (*See* Doc. 16). Plaintiff's amended *pro se* civil rights complaint names six correctional officers at Okaloosa Correctional Institution (OCI) as Defendants. (Doc. 20 at 1–4). Plaintiff

---

[1] The case was referred to the magistrate judge for issuance of all preliminary orders and any recommendations regarding dispositive matters and motions for injunctive relief. *See* N.D. Fla. Loc. R. 72.2(C); *see also* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).

1

asserts Defendants violated his First Amendment rights by retaliating against him and interfering with his access to the courts. (*Id.* at 5-15). Plaintiff seeks nominal and punitive damages against Defendants in their individual capacities. (*Id.* at 2-4, 15-16).

Plaintiff first moved for a preliminary injunction on May 11, 2022. (Doc. 6). In that motion, he sought an injunction ordering FDOC officials to stop retaliating against him. (*Id.*). This Court denied Plaintiff's motion on June 15, 2022. (Doc. 12). On June 23, 2022, Plaintiff filed the current motion for preliminary injunction. (Doc. 16).

In his latest motion for preliminary injunction, Plaintiff alleges he was transferred from OCI to GCI on June 16, 2022 "so security at this prison [GCI] can continue to retaliate" against him for filing this lawsuit. (Doc. 16 at 1-3, 6). Additionally, Plaintiff alleges that prison officials at OCI are conspiring with officials at the FDOC's Central Office in Tallahassee. (*Id.* at 3). Plaintiff believes that he will be harmed or killed at GCI—an institution he says is known for its racism, brutality, and efforts to prevent inmate litigation. (*Id.* at 1, 3-6). He claims that inmate assaults are frequent at GCI because the facility lacks adequate video surveillance. (*Id.* at 4). In support of his claims, Plaintiff has provided a declaration from another inmate. (*Id.* at 7).

Plaintiff does not specifically state what preliminary injunctive relief he wants the Court to grant. But based on the statements made in his motion as well as the fact that he filed a grievance seeking a transfer, it appears that Plaintiff seeks an injunction requiring his transfer to a facility outside of FDOC Region 1. (Doc. 16 at 3). The Court proceeds on the assumption that this is the relief Plaintiff seeks in his motion for preliminary injunction.

## II.   Discussion

To receive a preliminary injunction, a movant must show that: (1) there is a substantial likelihood of success on the merits; (2) an irreparable injury will be suffered if the injunction is not granted; (3) the threatened injury to the movant outweighs any injury the proposed injunction might cause the opposing party; and (4) the injunction would not disserve the public interest. *In re Gateway Radiology Consultants, P.A.*, 983 F.3d 1239, 1254 (11th Cir. 2020). "A preliminary injunction is an extraordinary and drastic remedy not to be granted unless the movant clearly establishes the burden of persuasion as to the four requisites." *All Care Nursing Serv., Inc. v. Bethesda Mem'l Hosp., Inc.*, 887 F.2d 1535, 1537 (11th Cir. 1989). Plaintiff has not met that burden here.

Plaintiff's motion for preliminary injunction is fundamentally flawed because he has failed to show that Defendants—individual correctional officers—have the

3

authority to transfer him if ordered to do so by the Court. It is elemental that courts cannot force a defendant "to act in any way that is beyond [the defendant's] authority to act in the first place." *Okpalobi v. Foster*, 244 F.3d 405, 427 (5th Cir. 2001). Put another way, "a claim for injunctive relief can stand only against someone who has the authority to grant it." *Williams v. Doyle*, 494 F. Supp.2d 1019, 1024 (W.D. Wis. 2007). Enjoining a defendant who lacks the authority to provide the relief ordered "would be a meaningless gesture." *Bronson v. Swensen*, 500 F.3d 1099, 1112 (10th Cir. 2007).

Here, the Defendants are six correctional officers at OCI who have been sued in their individual capacities. Plaintiff does not allege any of the named Defendants possess the authority to transfer him from GCI to an institution outside FDOC Region 1. *See generally Swan v. Bd. of Educ. of City of Chicago*, 956 F. Supp. 2d 913, 918 (N.D. Ill. 2013) (recognizing that "where . . . a plaintiff seeks an injunction against a defendant, he or she must demonstrate that the defendant to be enjoined has the authority to effectuate the injunction."). Nor is there any reason for the Court to believe that individual correctional officers such as Defendants have the authority to effectuate the transfer of an inmate to a different region. Because Plaintiff has failed to demonstrate that Defendants have the authority to effectuate

the transfer he seeks in his motion for a preliminary injunction, his motion necessarily fails.

Accordingly, it is respectfully **RECOMMENDED** that:

Plaintiff's motion for preliminary injunctive relief (Doc. 16) be **DENIED**.

At Pensacola, Florida this 8th day of July 2022.

/s/ *Zachary C. Bolitho*
Zachary C. Bolitho
United States Magistrate Judge

### NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations must be filed within fourteen days of the date of the Report and Recommendation.  <u>Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control</u>.  An objecting party must serve a copy of the objections on all other parties.  A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions.  *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.**