UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

JOHNNIE LEE JORDAN, JR.,
    Plaintiff,

vs.                                                  Case No.: 3:22cv5101/MCR/ZCB

BRITTNEY SEXTON, et al.,
    Defendants.
_____/

**REPORT AND RECOMMENDATION**

This prisoner civil rights case is before the Court on Plaintiff's third motion for a preliminary injunction. (Doc. 26). For the reasons below, the undersigned recommends that Plaintiff's motion be denied.[1]

## I.    Background

Plaintiff is a Florida Department of Corrections (FDOC) prisoner who is currently incarcerated at Gulf Correctional Institution (GCI). (*See* Doc. 26). Plaintiff's pleadings in this civil rights case name correctional officers at Okaloosa Correctional Institution (OCI) as Defendants. (Docs. 1, 20). Plaintiff asserts the OCI officers violated his First Amendment rights by retaliating against him and

---

[1] The case was referred to the magistrate judge for issuance of all preliminary orders and any recommendations regarding dispositive matters and motions for injunctive relief. *See* N.D. Fla. Loc. R. 72.2(C); *see also* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).

1

interfering with his access to the courts. (*Id.*). Plaintiff seeks nominal and punitive damages against Defendants in their individual capacities. (*Id.*).

Plaintiff first moved for a preliminary injunction on May 11, 2022. (Doc. 6). In that motion, he sought an injunction ordering FDOC officials to stop retaliating against him. (*Id.*). This Court denied Plaintiff's motion on June 15, 2022. (Doc. 12).

Plaintiff filed his second motion for preliminary injunction on June 23, 2022. (Doc. 16). In that motion, Plaintiff sought an injunction requiring his transfer to a facility outside of FDOC Region 1. (*Id.* at 3). This Court denied Plaintiff's motion on September 27, 2022. (Doc. 32).

In his latest motion for preliminary injunction, Plaintiff alleges the law librarian and "others" at GCI are depriving him of access to the courts by denying him "unhindered" access to the law library. (Doc. 26 at 1-2). Plaintiff states he intends to file a civil rights lawsuit against the GCI law librarian as soon as he completes the FDOC's administrative grievances process. (*Id.* at 1-8). Plaintiff seeks an injunction enjoining the GCI law librarian from denying him access to the law library and the courts. (*Id.* at 9).

## II.   Discussion

To receive a preliminary injunction, a movant must show that: (1) there is a substantial likelihood of success on the merits; (2) an irreparable injury will be

suffered if the injunction is not granted; (3) the threatened injury to the movant outweighs any injury the proposed injunction might cause the opposing party; and (4) the injunction would not disserve the public interest. *In re Gateway Radiology Consultants, P.A.*, 983 F.3d 1239, 1254 (11th Cir. 2020). "A preliminary injunction is an extraordinary and drastic remedy not to be granted unless the movant clearly establishes the burden of persuasion as to the four requisites." *All Care Nursing Serv., Inc. v. Bethesda Mem'l Hosp., Inc.*, 887 F.2d 1535, 1537 (11th Cir. 1989). Plaintiff has not met that burden here.

Plaintiff's motion for preliminary injunction is fundamentally flawed because he seeks relief against a non-party. The chief function of preliminary injunctions "is to preserve the status quo" between the parties "until the merits of the controversy can be fully and fairly adjudicated." *Northeastern Fla. Chapter of Ass'n of Gen. Contractors v. City of Jacksonville*, 896 F.2d 1283, 1284 (11th Cir. 1990). The Court does not have jurisdiction to impose injunctive relief against a person who is not a party to the lawsuit or determined to be "in active concert" with a party. *Zenith Radio Corp. v. Hazeltine Research, Inc.*, 395 U.S. 100, 112 (1969) (holding that the district court erred when it enjoined a non-party who was not determined to be in active concert with a defendant); *In re Infant Formula Antitrust Litig., MDL 878 v. Abbott Lab'ys*, 72 F.3d 842, 842–43 (11th Cir. 1995) (affirming the district court's denial of injunctive relief against a non-party for lack of subject matter

3

jurisdiction); *Jackson v. Baisden*, No. 21-13004-J, 2022 WL 610314, at *1 (11th Cir. Feb. 16, 2022) (holding that the district court lacked subject matter jurisdiction to grant injunctive relief against officials at his prison who were not parties to the case).

As previously noted, the Defendants in this case are correctional officers at OCI. Plaintiff does not seek injunctive relief against any of those officers and instead seeks relief against the law librarian at GCI, without any showing that the librarian is acting "in active concert" with any named Defendant. Because Plaintiff has failed to demonstrate that the Court has jurisdiction to grant injunctive relief against a non-party, his motion necessarily fails.

Accordingly, it is respectfully **RECOMMENDED** that:

Plaintiff's motion for preliminary injunctive relief (Doc. 26) be **DENIED**.

At Pensacola, Florida this 6th day of October 2022.

/s/ *Zachary C. Bolitho*
Zachary C. Bolitho
United States Magistrate Judge

### NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations must be filed within fourteen days of the date of the Report and Recommendation. <u>Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control</u>. An objecting party must serve a copy of the objections on all other parties. A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.**