UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

JOHNNIE LEE JORDAN, JR.,
    Plaintiff,

vs.                                            Case No.: 3:22cv5101/MCR/ZCB

BRITTNEY SEXTON, et al.,
    Defendants.
_____/

## REPORT AND RECOMMENDATION

This prisoner civil rights case is before the Court on Plaintiff's "Motion to Address the Honorable Court" (Doc. 103), which the Court construes as a motion for a preliminary injunction based on the nature of the relief sought. (Doc. 103 at 10). For the reasons below, the undersigned recommends that Plaintiff's motion be denied.

### I.    Background

Plaintiff is a Florida Department of Corrections (FDOC) prisoner who is currently incarcerated at Gulf Correctional Institution (GCI). (*See* Doc. 103). Plaintiff's Second Amended Complaint (the operative pleading) names correctional officers at Okaloosa Correctional Institution (OCI) as Defendants. (Doc. 35). Plaintiff asserts the OCI officers violated his First Amendment rights by retaliating

1

against him. (*Id.*). Plaintiff seeks nominal and punitive damages against Defendants in their individual capacities. (*Id.*).

Plaintiff first moved for a preliminary injunction on May 11, 2022. (Doc. 6). In that motion, he sought an injunction ordering FDOC officials to stop retaliating against him. (*Id.*). This Court denied Plaintiff's motion on June 15, 2022. (Doc. 12).

Plaintiff filed his second motion for preliminary injunction on June 23, 2022. (Doc. 16). In that motion, Plaintiff sought an injunction requiring his transfer to a facility outside of FDOC Region 1. (*Id.* at 3). This Court denied Plaintiff's motion on September 27, 2022. (Doc. 32).

Plaintiff filed his third motion for preliminary injunction on July 19, 2022. (Doc. 26). In that motion, Plaintiff sought an injunction enjoining the GCI law librarian from denying him access to the law library and the courts. (*Id.* at 9). This Court denied Plaintiff's motion on December 8, 2022. (Doc. 47).

In his latest motion for preliminary injunction (Doc. 103), Plaintiff alleges the GCI warden (Mr. Payne), a warehouse supervisor (Ms. Young), and a mailroom employee (Ms. McMillon) are retaliating against him and denying him "unhindered and unfettered" access to the courts by requiring him to submit a "call out" when he wants to leave the law library and submit outgoing legal mail. (Doc. 103 at 5-7). He further alleges that Ms. Young and Ms. McMillon sometimes discard his "call

outs" or delay processing them, and they removed exhibits from one of his outgoing court filings. (*Id.* at 8-9). Plaintiff alleges Ms. Young and Ms. McMillon also interfere with his incoming legal mail by falsely certifying that he received it. (*Id.* at 7-8). Plaintiff seeks an injunction enjoining the GCI warden (Mr. Payne) and the two other GCI staff members (Ms. McMillon, and Ms. Young) from requiring him to submit call-outs to leave the law library (to submit his legal mail), and from tampering with his outgoing and incoming legal mail. (*Id.* at 10).

## II.   Discussion

To receive a preliminary injunction, a movant must show that: (1) there is a substantial likelihood of success on the merits; (2) an irreparable injury will be suffered if the injunction is not granted; (3) the threatened injury to the movant outweighs any injury the proposed injunction might cause the opposing party; and (4) the injunction would not disserve the public interest. *In re Gateway Radiology Consultants, P.A.*, 983 F.3d 1239, 1254 (11th Cir. 2020). "A preliminary injunction is an extraordinary and drastic remedy not to be granted unless the movant clearly establishes the burden of persuasion as to the four requisites." *All Care Nursing Serv., Inc. v. Bethesda Mem'l Hosp., Inc.*, 887 F.2d 1535, 1537 (11th Cir. 1989). Plaintiff has not met that burden here.

Plaintiff's motion for preliminary injunction is fundamentally flawed for the same reason as his last one—he seeks relief against non-parties. The chief function

of preliminary injunctions "is to preserve the status quo" between the parties "until the merits of the controversy can be fully and fairly adjudicated." *Ne. Fla. Chapter of Ass'n of Gen. Contractors v. City of Jacksonville*, 896 F.2d 1283, 1284 (11th Cir. 1990). The Court does not have jurisdiction to impose injunctive relief against a person who is not a party to the lawsuit or determined to be "in active concert" with a party. *Zenith Radio Corp. v. Hazeltine Rsch., Inc.*, 395 U.S. 100, 112 (1969) (holding that the district court erred when it enjoined a non-party who was not determined to be in active concert with a defendant); *In re Infant Formula Antitrust Litig., MDL 878 v. Abbott Lab'ys*, 72 F.3d 842, 842–43 (11th Cir. 1995) (affirming the district court's denial of injunctive relief against a non-party for lack of subject matter jurisdiction); *Jackson v. Baisden*, No. 21-13004-J, 2022 WL 610314, at *1 (11th Cir. Feb. 16, 2022) (holding that the district court lacked subject matter jurisdiction to grant injunctive relief against officials at his prison who were not parties to the case).

As previously noted, the Defendants in this case are correctional officers at OCI. Plaintiff does not seek injunctive relief against any of those officers and instead seeks relief against the warden and prison staff at GCI, without any showing that any of these persons is acting "in active concert" with any named Defendant. Because Plaintiff has failed to demonstrate that the Court has jurisdiction to grant injunctive relief against a non-party, his motion necessarily fails.

Accordingly, it is respectfully **RECOMMENDED** that:

Plaintiff's motion for preliminary injunctive relief (Doc. 103) be **DENIED**.

At Pensacola, Florida this 27th day of June 2023.

/s/ *Zachary C. Bolitho*
Zachary C. Bolitho
United States Magistrate Judge

### NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations must be filed within fourteen days of the date of the Report and Recommendation. <u>Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control</u>. An objecting party must serve a copy of the objections on all other parties. A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.**